{¶ 34} I respectfully disagree with the majority's conclusion that the term "you" as used in the "other insurance" clause is unambiguous, and that therefore the term refers only to the corporation.
 {¶ 35} Despite the fact that a corporation can hold title to a car, I believe that the term "you" as used in the "other insurance" clause remains ambiguous, and that therefore the term refers to the corporation and its employees. The problem that arises when attempting to interpret the language contained in Erie's "other insurance" clause, after we previously applied Scott-Pontzer in another section of the policy, is that the generic, undefined term "you" creates a unresolved ambiguity because both employees and corporations are capable of owning vehicles. Therefore, an insurer must be extremely specific when attempting to limit the type of coverage it wishes to extend in such clauses.
 {¶ 36} Erie could have cured any ambiguities contained in the "other insurance" clause if it had specifically referred to Perfection Mold. For example, Erie could have removed any ambiguity in the "other insurance" clause if the word "you" in the clause was replaced with the words "Perfection Mold." The relevant portion of the clause could have been written to read: "For damages to anyone we protect while occupying a motor vehicle [Perfection Mold does] not own, we will pay the amount of the loss up to the applicable limit(s) shown on the Declarations for one auto, less the amount paid or payable by other insurance." In this scenario, if a person is driving an automobile that Perfection Mold does not own, coverage is excess. However, if the person is driving a vehicle owned by Perfection Mold, then coverage is primary.
 {¶ 37} Erie also could have specifically identified the type of motor vehicle described in the "other insurance" clause by referring only to those vehicles listed in the declarations page of the policy. For example, the clause could have been written to read: "For damages to anyone we protect while occupying a motor vehicle [not listed in the declarations page of this policy], we will pay the amount of the loss up to the applicable limit(s) shown on the Declarations for one auto, less the amount paid or payable by other insurance." In this scenario, if a person is driving a vehicle not listed in the declarations, then coverage under Erie's policy is excess. However, when the person is involved in accident while driving a vehicle listed in the declarations, then Erie is responsible for providing primary coverage.
 {¶ 38} This Court should not interpret the language of the "other insurance" clause in isolation. Our interpretation of the terms used in the "other insurance" clause must be read in conjunction with our interpretation of the same terms used throughout the entire policy. Because this Court applied Scott-Pontzer and concluded that the term "you" included the corporation and its employees, I believe that we must apply the same definition of "you" throughout the entire policy. I would therefore conclude, like the appellate court in Justus, that the term "you" should be applied consistently throughout the entire policy. SeeMazza v. Am. Continental Ins. Co., 9th Dist. No. 21192, 2003-Ohio-360, at ¶ 40, affirmed (2003), In re Uninsured Underinsured MotoristCoverage Cases, 2003-Ohio-5888 (holding that when Scott-Pontzer applies to the term "you" to include a corporation and its employees, the term must later be consistently applied in an exclusion clause). As such, the term "you" as used in Erie's "other insurance" clause would also include the corporation's employees, i.e., Halliwill. See Justus,
2003-Ohio-3913, at ¶ 16; Wilson v. Miller, 5th Dist. No. CA-949, 2003-Ohio-4481, at ¶ 44; Robinson v. Quillen, 12th Dist. No. CA2002-11-270, 2003-Ohio-4241, ¶ 34; Huzyak v. Nationwide Ins. Co.,
5th Dist. No. 2003CA00019, 2003-Ohio-4044, ¶ 38-44; Poulton v. Am.Econ. Ins. Co., 5th Dist. Nos. 2002-CA-00038, 2002-CA-00061, 2002-Ohio-7214, at ¶ 54-56, reversed in part (2003), In re Uninsured Underinsured Motorist Coverage Cases, 2003-Ohio-5888. With the principle of consistency in mind, the "other insurance" clause should be interpreted to read: "For damages to anyone we protect while occupying a motor vehicle [the corporation does not own or Halliwell does not own], we will pay the amount of the loss up to the applicable limit(s) shown on the Declarations for one auto, less the amount paid or payable by other insurance." As such, coverage under Erie's policy is excess when a person is involved in an accident while driving a vehicle Erie or Erie's employee does not own. Coverage is primary when the person is driving a vehicle either owned by Erie or by Erie's employees.
 {¶ 39} It is undisputed that Halliwill was driving her own car when the accident occurred. Therefore, pursuant to the terms of the "other insurance" clause, Erie's insurance policy provided primary coverage and it should share the loss with State Farm on a pro rata basis. SeeRobinson, 2003-Ohio-4241, ¶ 44; Poulton, 2002-Ohio-7214, at ¶ 54-56; Kasson v. Goodman, 6th Dist. No. L-01-1432, 2002-Ohio-3022, at ¶ 86; Shaw v. State Farm, 8th Dist. No. 80471, 2002-Ohio-5330, at ¶ 35, appeal granted (2003), 98 Ohio St.3d 1474, 2003-Ohio-904; UnitedStates v. Bird (May 18, 2001), 5th Dist. No. 00 CA 31, 2001 Ohio App. LEXIS 2410, at *11-12. Consequently, I would find that the trial court erred in declaring that Erie's policy provided excess coverage.